

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# Chin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chin v. Atty Gen USA" (2008). *2008 Decisions.* Paper 966.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/966

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2090
_____

SUCIPTO HENDRA CHIN;
FELIX GUNAWAN;
SUJANI GUNAWAN,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency Nos. A A96-203-420, A96-203-390, and A97-849-742)
Immigration Judge: Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: June 27, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioners, Sucipto Hendra Chin, Felix Gunawan, and Sujani Gunawan,[1] petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Petitioners are natives and citizens of Indonesia and are Christians. Petitioners entered the country at Los Angeles, California, on approximately August 1, 2001, as non-immigrant visitors with authorization to remain in the United States until February 1, 2002. On April 16, 2003, Petitioners were issued a Notice to Appear, which alleged that they were in the country without authorization. In response, they applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure.

In denying their claims on August 29, 2005, the Immigration Judge ("IJ") concluded that Petitioners' asylum applications were untimely and that Petitioners had demonstrated neither that they had suffered past persecution nor that they had a well-founded fear of future persecution. The IJ further found that Petitioners had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or under the CAT. The IJ granted their application for voluntary departure. On March 12, 2007, the BIA affirmed the IJ's decision.

---

[1] Sucipto Hendra Chin and Sujani Gunawan are husband and wife, and Felix Gunawan is their adult son.

Because the BIA adopted a portion of the IJ's decision, we will review the determinations of both the BIA and the IJ. See Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007). We will sustain their determinations if they are supported by substantial evidence in the record. Id. Under the substantial evidence standard, we will uphold the determinations of the BIA and the IJ "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (citations omitted).

Petitioners first argue that the BIA and the IJ erred in concluding that they failed to establish past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1231(b)(3)(A). To obtain withholding of removal, Petitioners must demonstrate a "clear probability" that their "[lives] or freedom would be threatened" on account of one of the aforementioned grounds.[2] Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005); 8 U.S.C. § 1231(b)(3)(A). If, however, Petitioners establish that they suffered past persecution it is presumed that their lives or freedom would be threatened for purposes of withholding of removal. 8 C.F.R. § 1208.16(b)(1)(i). The Government may then rebut this presumption by proving certain criteria by a preponderance of the evidence. See 8 C.F.R. § 1208.16(b)(1)(i)(A)-(B).

---

[2] Petitioners concede that we lack jurisdiction to consider the denial of their asylum applications. See 8 U.S.C. § 1158(a)(3); see also Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

Petitioners Sujani Gunawan and Felix Gunawan both testified at the hearing before the IJ. Sujani Gunawan testified that, in May 1998, unknown assailants came to the small restaurant that she and her husband owned and threatened to "kill the Chinese" and attempted to destroy the front door of the restaurant with their truck. She testified that, as a result of this incident, they were forced to close the restaurant two years later. She also testified that she has a brother who resides in Indonesia and that her husband's mother and his five siblings are currently residing in Indonesia.

Felix Gunawan testified that while in high school he was hit in the face and lost a tooth. He reported the incident to the police; however, he testified that making the report was an useless endeavor. He also testified that, while attending college in Indonesia, Muslim students harassed him, asked him for money and attacked him, stealing his money, ring, and necklace. Prior to his arrival in the United States, Felix Gunawan testified that he traveled to Singapore, Thailand and Malaysia, seeking medical treatment for his father.

Although Sucipto Hendra Chin did not testify before the IJ, he submitted an affidavit regarding his experiences in Indonesia. In his affidavit, Chin stated he was forced to pay monetary amounts to local natives to prevent them from destroying his business. In 1978, Chin refused to pay the money, and an unknown assailant left human feces by the door of his store. Chin reported the incident to the police; however, they simply ignored him and told him to leave the country. Chin stated that in 1988, he and his

4

wife were threatened at knife point in the store they owned. The assailants stole the money from the register and warned Chin not to notify the police. No one was injured in the incident. Chin's affidavit also stated that in the 1998 riots, a neighbor's store was completely destroyed.

Upon review of the record, we conclude that the determinations by the BIA and the IJ are supported by substantial evidence. Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). Although the incidents that Petitioners suffered are unfortunate, Petitioners' accounts of isolated criminal acts do not rise to the level of persecution that would compel a conclusion contrary to the determinations of the IJ and the BIA. See Lie, 396 F.3d at 536.

Petitioners also argue that the BIA and IJ erred in concluding that they failed to demonstrate a well-founded fear of future persecution. See Wang, 405 F.3d at 139; see also 8 U.S.C. § 1231(b)(3)(A).

To establish a well-founded fear of future persecution an applicant must first demonstrate a subjective fear of persecution through credible testimony that [his] fear is genuine. Second, the applicant must show, objectively, that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." To satisfy the objective prong, a petitioner must show [he]

5

would be individually singled out for persecution or demonstrate that "there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant."

Lie, 396 F.3d at 536 (citations omitted).

The BIA and IJ concluded that the cumulative effect of the incidents Petitioners testified regarding failed to rise to the level of persecution and, thus, Petitioners failed to demonstrate a reasonable basis to fear future persecution. Petitioners argue that they satisfy the requirements for withholding of removal because the record demonstrates that there is a pattern or practice of persecution of Chinese Christians in Indonesia. The IJ's decision relied, in part, on the United States Department of State Country Reports for 2003 and 2004, which state that the government of Indonesia officially promotes ethnic and racial tolerance. The 2003 report noted a sharp decline in violence between Christians and Muslims and improvement of inter-religious tolerance and cooperation, and the 2004 report states that discrimination and harassment of ethnic Chinese citizens declined compared with previous years. Furthermore, Sujani Gunawan testified that her brother and her husband's mother and his five siblings still reside in Indonesia, seemingly, without any adverse incidents. Upon review of the record, we conclude that the determinations by the BIA and the IJ are supported by substantial evidence. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (holding that "State Department reports may constitute 'substantial evidence' for the purposes of reviewing

6

immigration decisions"). Given the deferential standard of review that governs, we will not disturb the decisions of the BIA and the IJ.[3]

For the foregoing reasons, we will deny Petitioners' petition for review.

---

[3] Petitioners do not allege any incidents or likelihood of torture, and, thus, cannot meet the criteria for relief under the CAT. 8 C.F.R. § 208.16(c)(2).